**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3645-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NESTOR H. SANANGO,

     Defendant-Appellant.

_____

Submitted April 29, 2026 – Decided July 14, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. 03-001918.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Nestor H. Sanango appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On April 20, 2003, police arrested defendant in Union County for violation of a domestic violence restraining order and charged him with fourth-degree contempt of court, N.J.S.A. 2C:29-9(b)(1). Three days later, represented by counsel, defendant pleaded guilty to an amended charge of harassment, a petty disorderly persons offense, N.J.S.A. 2C:33-4(c). The court imposed a sentence of one year probation, conditioned on completion of a substance abuse evaluation and a batterer's intervention program.

On April 8, 2010, police arrested defendant in Essex County and charged him with second-degree aggravated arson, N.J.S.A. 2C:17(1)(a)(2); third-degree attempted theft by deception, N.J.S.A. 2C:5-1 and 2C:20-4; and second-degree insurance fraud, N.J.S.A. 2C:21-4.6(b). In May 2010, defendant pleaded guilty to third-degree attempted theft by deception. In July 2010, the court imposed a sentence of three years' probation, requiring him to serve 364 days in county jail as a condition of probation.

In September 2010, federal immigration authorities initiated removal proceedings against defendant, serving him with a Notice to Appear while he

2

was incarcerated in the Essex County Jail.[1]  Defendant appeared in three subsequent immigration court proceedings.  An immigration judge ordered defendant removed from the United States in 2013.  He remained in the country until September 2023, when he was detained by U.S. Immigration and Customs Enforcement and later released on an ankle monitor.

On December 20, 2023, defendant filed a PCR petition and moved to withdraw his 2003 guilty plea.  He alleged plea counsel rendered ineffective assistance by misadvising him about the immigration consequences of his plea, failing to discuss pretrial intervention (PTI), and failing to ensure a sufficient factual basis for the 2003 plea.  He also claimed the PCR court should relax the five-year time bar based on excusable neglect.

Following argument, Judge Chanel J. Hudson denied defendant's petition in a May 31, 2024 order and written decision.  The judge found the petition time-barred under Rule 3:22-12, rejected defendant's claims of excusable neglect, and found no prima facie showing of ineffective assistance or an insufficient factual

---

[1] A Notice to Appear, also known as Form I-862, is an official charging document issued by the Department of Homeland Security.  A Notice to Appear signifies the federal government is initiating formal removal proceedings, but it is not a final deportation order.  U.S. Dep't of Justice, The Notice to Appear, Executive Office for Immigration Review, (Dec. 14, 2025), https://www.justice.gov/eoir/notice-appear.

basis for the 2003 plea. Accordingly, the judge declined to conduct an evidentiary hearing.

Defendant appeals, arguing the following points:

POINT I

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY AFFIRMATIVELY MISADVISING HIM ABOUT THE DEPORTATION CONSEQUENCES OF HIS [GUILTY] PLEA.

POINT II

[DEFENDANT]'S GUILTY PLEA MUST BE SET ASIDE OR THE MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING.

POINT III

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT]'S PETITION WAS TIME-BARRED.

II.

In the absence of an evidentiary hearing, we review de novo both the PCR judge's factual findings and legal conclusions drawn from the record. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). Based on our de novo review, we affirm, substantially for the reasons set forth in Judge Hudson's thorough written opinion.

A-3645-23

To succeed on an ineffective assistance of counsel (IAC) claim, a defendant must satisfy the Strickland/Fritz two-prong test, showing: (1) counsel's performance was deficient and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant is required to demonstrate "how specific errors of counsel undermined the reliability of the" proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984). A defendant also must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Failure to satisfy either prong requires the denial of a PCR petition. Id. at 700.

A defendant may establish an IAC claim if plea counsel provided false or inaccurate advice that a guilty plea would not result in deportation. State v. Nuñez-Valdéz, 200 N.J. 129, 139-42 (2009); see also State v. Chau, 473 N.J. Super. 430, 443-44 (App. Div. 2022) (noting that in post-Padilla pleas, "when the deportation consequence is truly clear," "plea counsel [is] obligated to 'advise [a] client regarding the risk of deportation,'" whereas "[w]hen the law is not succinct and straightforward[,] . . . a criminal defense attorney need do no

more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.") (third alteration in original) (quoting Padilla v. Kentucky, 559 U.S. 356, 357, 367, 369 (2010)).

Rule 3:22-12(a)(1) bars PCR petitions filed more than five years after entry of the judgment of conviction unless the delay was due to excusable neglect and enforcement of the time bar would result in a fundamental injustice. "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." State v. Afanador, 151 N.J. 41, 52 (1997) (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

Here, defendant filed his PCR petition more than twenty-one years after his conviction. Based on the record, defendant was aware of the immigration consequences of his conviction as early as 2010, when he was served with a Notice to Appear for removal proceedings. Defendant's claim he did not learn that he needed to file a PCR until 2023 is unavailing. It is well-established that ignorance of the law does not constitute excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000). Further, a defendant's extreme delay in filing his petition weighs heavily against relaxing Rule 3:22-12's time bar. Afanador, 151 N.J. at 52. Judge Hudson specifically found no compelling, extenuating circumstances

6

to satisfy the standards for relaxing the time restrictions in Rule 3:22-12. The judge found "the State would be substantially prejudiced if it would be required to locate the witnesses and evidence to try this matter." We are satisfied the PCR judge correctly ruled defendant's petition was time-barred.

Notwithstanding the time bar, Judge Hudson analyzed defendant's remaining claims—that plea counsel misadvised him about the immigration consequences of his 2003 plea, failed to discuss PTI, and failed to ensure a sufficient factual basis for the plea. The judge determined all of defendant's claims failed to meet either prong under Strickland/Fritz. We agree. Defendant did not establish plea counsel's performance "was not within the range of competence demanded of attorneys in criminal cases." Chau, 473 N.J. Super. at 445 (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)) (internal quotation marks omitted). He also did not demonstrate "a reasonable probability that, but for counsel's purported errors, he would not have pleaded guilty and would have insisted on going to trial." Ibid. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Regarding the immigration consequences, we add the record does not support defendant's claim that counsel's performance was deficient. At the 2003 plea hearing, defendant confirmed under oath that he understood the plea offer,

7

was satisfied with counsel's representation, and was not forced or promised anything outside the plea agreement. At the time of defendant's plea in 2003, counsel was not constitutionally required to advise a client of immigration consequences unless counsel provided affirmative misadvice. Nuñez-Valdéz, 200 N.J. at 139-40; State v. Gaitan, 209 N.J. 339, 351 (2012).

Defendant's certification asserts counsel told defendant his plea would not affect his immigration status. However, the record contains no corroboration of this claim, and the PCR judge properly found defendant's bare assertion "contrary to evidence currently before the [c]ourt" and insufficient to establish a prima facie case. The judge also noted that harassment under N.J.S.A. 2C:33-4(c) is not a deportable offense under 8 U.S.C. § 1227(a)(2)(E)(i), as it does not require an element of physical force or violence.

We discern no abuse of discretion in the judge's decision to forego an evidentiary hearing. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding "[w]e review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard"). A PCR petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (holding "[t]he mere raising of a claim of IAC does

A-3645-23

not entitle the defendant to an evidentiary hearing" (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999))).

Rule 3:22-10(b) provides a court should hold an evidentiary hearing on a PCR petition only if the defendant establishes "a prima facie case in support of [PCR]," where "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." Defendant did not meet that standard, and, thus, the judge did not abuse her discretion by deciding the petition without conducting an evidentiary hearing.

The judge also undertook a detailed analysis of whether defendant should be permitted to withdraw his 2003 guilty plea. We discern no error in the judge's analysis of the Slater factors, finding each weighed against permitting defendant to withdraw his plea. See State v. Slater, 198 N.J. 145, 157-58 (2009).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-3645-23